[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11319 & 23-11541

_____

In Re: JOHNSON & JOHNSON AEROSOL SUNSCREEN MARKETING,
SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION.

_____

KATHERINE BRENNAN,

MICHELLE MANG,

MEREDITH SEROTA,

Individually and on Behalf of All Others Similarly Situated,

JACOB SOMERS,

LAUREN HARPER, et al.,

          Plaintiffs-Appellee-Cross Appellant,

THEODORE H. FRANK,

          Interested Party-Appellant Cross-Appellee,

*versus*

JOHNSON & JOHNSON CONSUMER, INC.,
NEUTROGENA CORPORATION,
JOHNSON & JOHNSON CONSUMER COMPANIES, INC.,
AVEENO,
JOHNSON & JOHNSON, et al.,

Defendants-Appellees.

_____

Appeals from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:21-md-03015-AHS

_____

Before WILSON, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

Objector Theodore Frank appeals the district court's approval of a class-action settlement providing relief to a class of purchasers of Johnson & Johnson sunscreen products, sold under its Neutrogena and Aveeno brands, that were alleged to contain benzene, a known carcinogen. After appellate briefing concluded, a different panel of this Court held that the provisions of the Class Action Fairness Act governing coupon settlements, 28 U.S.C. § 1712, apply to settlements offering relief to class members in the form of vouchers that are redeemable for up to a certain dollar amount usable against any of a company's products or services. *See*

*Drazen v. Pinto*, 101 F.4th 1223, 1267–74 (11th Cir. 2024). Part of the relief offered to the class here—specifically, to purchasers of affected non-aerosol sunscreen products—came in the form of such vouchers.[1] Both parties to the appeal agree that the district court's order approving the settlement and attorney's fee should be vacated and remanded for that court to apply *Drazen* in the first instance.

On remand, the district court should also consider whether any named plaintiff established standing to pursue prospective injunctive relief on behalf of the class in light of *Williams v. Reckitt Benckiser LLC*, 65 F.4th 1243 (11th Cir. 2023), which was also issued after the district court's approval of the settlement. In *Williams*, this Court vacated a class-action settlement providing for

---

[1] Frank also argues on appeal that the class may have lacked standing to challenge the non-aerosol products in the first place because no named plaintiff purchased any non-aerosol products. The class responds by arguing that the alleged injuries suffered by aerosol and non-aerosol sunscreen purchasers are identical. Our review of the class complaints, however, reveals that at least one named plaintiff likely alleged that she purchased one of the affected non-aerosol products. *See* First Amended Class Action Complaint at 4, *Brennan v. Johnson & Johnson Consumer, Inc.*, No. 21-cv-04869 (N.D. Cal. June 24, 2021), ECF No. 1-1 at 48; *see also* Declaration of Michelle Mang in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement ¶ 2, *In re Johnson & Johnson Sunscreen Litig.*, 21-md-03015 (S.D. Fla. June 24, 2022), ECF No. 82-4 at 8. Consistent with the obligation of all courts to ensure their own subject-matter jurisdiction at all stages in the litigation, the district court remains free on remand to reconsider whether "at least one named plaintiff has suffered the injury that gives rise to" each class claim. *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1280 (11th Cir. 2000) (quotation omitted).

injunctive relief because no named plaintiff had established "a threat of 'real and immediate,' as opposed to 'conjectural or hypothetical,' future injury." *Id.* at 1253 (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)). The plaintiffs there alleged that they "would like to purchase Defendants' products if they truly improved brain performance," but that the currently available products were "worthless" and that they were "unable to rely on Defendants' representations regarding the effectiveness of Defendants' products in deciding whether to purchase Defendants' products in the future." *Id.* at 1254–55. We concluded that these statements were "plainly insufficient to establish a threat of imminent or actual harm" because they demonstrated, at most, a "conditional" desire to purchase other products that did "not yet exist, and may never exist." *Id.* at 1254–56.

Here, part of the settlement relief granted to purchasers of aerosol sunscreen came in the form of prospective injunctive relief directing Johnson & Johnson to purge any existing inventory of the isobutane aerosol propellant found to be the source of the benzene and to establish new testing protocols for the presence of benzene in its supply chain and finished sunscreen products. On remand, the district court should conduct an inquiry into the named plaintiffs' standing to pursue this relief. *See id.* at 1254.

The district court's order is **VACATED** and the case is **REMANDED** for proceedings consistent with this opinion.[2]

---

[2] Because the district court's order approving the settlement agreement is vacated, we do not reach the remainder of the issues raised by either Frank's

---

appeal or the class's cross-appeal; nothing in this opinion should be construed as addressing these isssues.